# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

Crim. No. 04-221 (RHK)
Civ. No. 07-2513 (RHK)
**ORDER**

v.

David Lee Anderson,

Defendant.

---

This matter is before the Court *sua sponte*.

David Lee Anderson has filed a Motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence for being a felon in possession of a firearm. Anderson asserts four grounds purportedly entitling him to relief, including two separate claims of ineffective assistance of counsel (Grounds 2 and 3). In the latter of his ineffective-assistance claims, Anderson asserts that his counsel was deficient for failing to move to suppress the firearm based on its unlawful seizure. The docket in the underlying criminal case indicates that a suppression Motion (Doc. No. 19) was in fact filed, yet Magistrate Judge Erickson's Order on Anderson's pre-trial Motions (Doc. No. 44) indicates that the suppression Motion was withdrawn.

Because the circumstances concerning the seizure of the firearm, the basis for the suppression Motion, and the withdrawal thereof are nowhere explicated in the record, and because the Government's Response to Anderson's Petition nowhere addresses the

ineffective-assistance claim based on counsel's failure to move to suppress, **IT IS**

**ORDERED** as follows:

1.      The Government shall serve and file a memorandum on or before August

18, 2008, addressing the ineffective-assistance claim based on Anderson's counsel's

failure to move to suppress the seized firearm (Ground 3).  That memorandum shall

address (1) the circumstances concerning the withdrawal of the suppression Motion and

(2) the "reasonableness" and "prejudice" prongs of Strickland v. Washington, 466 U.S.

668 (1984), in addition to whatever additional arguments the Government believes are

appropriate;

2.      Anderson shall serve and file a memorandum in reply, if any, limited to the

issues raised in the Government's memorandum, on or before September 3, 2008; and

3.      Anderson's counsel in the underlying criminal case, Robert Kolstad, Esq., is

invited to submit an affidavit or other document addressing the circumstances under

which the suppression Motion was withdrawn and any other information pertinent to

Anderson's ineffective-assistance claims.  See United States v. Smith, 378 F.3d 754, 755

(8th Cir. 2004) (suggesting that trial counsel should be "permitt[ed] . . . an opportunity to

respond" to ineffective-assistance claim), vacated on other grounds, 543 U.S. 1136

(2005); Sparman v. Edwards, 154 F.3d 51 (2d Cir. 1998) (generally speaking, "a district

court facing the question of constitutional ineffectiveness of counsel should . . . offer the

assertedly ineffective attorney an opportunity to be heard and to present evidence").  The

Clerk of the Court is directed to mail a copy of this Order to attorney Kolstad at 1005

West Franklin Avenue, Suite 3, Minneapolis, Minnesota 55405.

Dated: July 31, 2008                                    s/Richard H. Kyle
                                                        RICHARD H. KYLE
                                                        United States District Judge